# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| TAYLOR GAMINO, | Case No. 1:18-cv-00391-LJO-SAB |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO PROSECUTE |
| v. | |
| YOSEMITE COMMUNITY COLLEGE DISTRICT, et al., | (ECF No. 12) |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

**I.**

**BACKGROUND**

Plaintiff Taylor Gamino, proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 22, 2018. (ECF No. 1.) Plaintiff's complaint was screened on April 17, 2018, and Plaintiff was ordered to either file an amended complaint or notify the court that he was willing to proceed on the claims found to be cognizable. (ECF No. 6.) On May 21, 2018, Plaintiff filed a first amended complaint that was stricken from the record for failure to comply with the April 17, 2018 order. (ECF Nos. 7, 8.) On June 21, 2018, Plaintiff filed a first amended complaint. (ECF No. 9.)

On July 10, 2018, Plaintiff's first amended complaint was screened, and findings and recommendations were filed recommending dismissing certain claims and defendants. (ECF No.

10.) The findings and recommendations recommended that this action proceed against Defendant Peterson for retaliation in violation of the First Amendment; and against Defendants Yosemite Community College District and Modesto Junior College for discrimination in violation of the Americans with Disabilities Act and Rehabilitation Act. (Id.) On August 17, 2018, the district judge filed an order adopting the findings and recommendations and referring this matter back to the undersigned for initiation of service of process. (ECF No. 11.)

On August 20, 2018, an order was filed finding service of the complaint appropriate and forwarding service documents to Plaintiff. (ECF No. 12.) Plaintiff was ordered to return the completed service documents within thirty days. (Id.) More than thirty days have passed and Plaintiff has not returned the service documents or otherwise responded to the court's August 20, 2018 order.

## II.
## LEGAL STANDARD

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

## III.
## DISCUSSION

In this instance, the Court finds that dismissal of this action is warranted due to Plaintiff's failure to comply with the August 20, 2018 order.

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to

comply with local rule requiring pro se plaintiffs to keep court apprised of address); <u>Malone v. United States Postal Serv.</u>, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " <u>Carey</u>, 856 F.2d at 1440 (quoting <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986)). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. <u>In re Phenylpropanolamine (PPA) Products Liability Litigation</u>, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. <u>In re Phenylpropanolamine (PPA) Products Liability Litigation</u>, 460 F.3d at 1226. Plaintiff was ordered to return service documents within thirty days of August 20, 2018 and has failed to do so. Plaintiff's failure to comply with the orders of the Court hinders the Court's ability to move this action towards disposition, and indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. <u>In re Eisen</u>, 31 F.3d 1447, 1452-53 (9th Cir. 1994). This risk of prejudice may be rebutted if Plaintiff offers an excuse for the delay. <u>In re Eisen</u>, 31 F.3d at 1453. The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue. This action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's order.

1 Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's August 20, 2018 order requiring Plaintiff to complete and return service documents expressly stated: "The failure to comply with this order will result in dismissal of this action." (ECF No. 12 at 2:14.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

## IV.

## RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that this action be DISMISSED for Plaintiff's failure to comply with the August 20, 2018 order and failure to prosecute.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __September 27, 2018__

UNITED STATES MAGISTRATE JUDGE