# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR GAMINO,<br><br>       Plaintiff,<br><br>   v.<br><br>YOSEMITE COMMUNITY COLLEGE DISTRICT, et al.,<br><br>       Defendants. | Case No. 1:18-cv-00391-SAB<br><br>ORDER RE INFORMAL DISCOVERY DISPUTE GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR ORDER COMPELLING PRODUCTION<br><br>ORDER WITHDRAWING PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND VACATING HEARING<br><br>(ECF Nos. 40, 41, 43, 45, 46) |

Currently before the Court is a discovery dispute between the parties that was the subject of an informal hearing held on February 27, 2020.

## I.

## BACKGROUND

Plaintiff filed this action on March 22, 2018, and is proceeding on a third amended complaint filed on June 6, 2019. (ECF Nos. 1, 38.) Plaintiff alleges Defendants discriminated against Plaintiff by denying him disability accommodations, retaliating against him for complaining about being discriminated against, and by not preventing discrimination based on his disability. (Third Am. Compl. ("TAC") 1, ECF No. 38.) Due to a disability, Plaintiff was to receive accommodations including the ability to take exams at the Disabled Student Program Services ("DSPS") at the college he was attending. (TAC 2.) Plaintiff alleges two professors,

one being Defendant John Peterson ("Peterson" or "Professor Peterson"), denied full use of such accommodation and subjected Plaintiff to retaliation while Plaintiff was a student. (TAC 3-4.) The other professor, Elda Bautista ("Bautista" or "Professor Bautista"), was terminated as a defendant in this action on August 17, 2018. (ECF No. 11.) The third amended complaint names Defendant Yosemite Community College District ("District"), and Defendant Peterson. (TAC 1-2.)

The non-expert discovery cutoff is March 23, 2020, and the action is set for trial on October 27, 2020. (ECF No. 26.) On February 21, 2020, at the parties' request, the Court scheduled an informal hearing to be held on February 27, 2020, to discuss a discovery dispute. (ECF No. 41.) On February 25, 2020, the parties filed a joint informal discovery dispute letter brief outlining the contentions of the parties regarding the dispute. (Joint Informal Discovery Dispute Letter Brief ("Br."), ECF No. 43.) On February 27, 2020, the Court held the informal hearing via telephonic conference call with the parties. (ECF No. 45.) Jane Brunner appeared on behalf of Plaintiff, and Kellie Murphy appeared on behalf of Defendants. (Id.)

On June 24, 2019, Plaintiff served a request for production of documents set one ("RFP"). (Br. 1.) Defendant District provided responses, and on October 3, 2019, Plaintiff's counsel began to meet and confer regarding the responses by sending an initial correspondence outlining what counsel believed to be deficiencies in the District's responses. (Br. 1.) Counsel engaged in several telephonic conferences thereafter, and the District served supplemental responses, supplemental documents, amended supplemental responses, and revised privilege logs in order to address the issues raised by Plaintiff. (Id.) Two issues remain unresolved regarding the responses to the requests for production, both of which involve privacy rights of parties and non-parties, and are the subject of the current dispute before the Court. (Id.)

## II.

## LEGAL STANDARD

Pursuant to the undersigned's procedures for informal discovery dispute resolution, the parties may stipulate to allow for the resolution of discovery disputes outside of the formal Local Rule 251 procedures by conducting an informal telephonic conference. Prior to conducting such

conference, the parties must agree to the informal process, agree to an entry of an order by the Court after the conference, and agree to abide by such order.

Rule 26 provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information need not be admissible in evidence to be discoverable. Id. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Rule 34 of the Federal Rule of Civil Procedure provides that a party may serve upon any other party a request for production of any tangible thing within the party's possession, custody, and control that is within the scope of Rule 26. Fed. R. Civ. P. 34(a)(1)(B). The party receiving the request has thirty days in which to respond. Fed. R. Civ. P. 34(b)(2). A party may move for an order compelling production where the opposing party fails to produce documents as requested under Rule 34. Fed. R. Civ. P. 37(a)(3(B)(iv).

"Federal Courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests. Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995). Unlike a privilege, the right of privacy is not an absolute bar to discovery and courts must balance the need for the information against the claimed privacy right. Ragge v. MCA/Universal Studios, 165 F.R.D. 601, 604 (C.D. Cal. 1995) ("Even if the requested documents in defendants' personnel files are protected by defendants' privacy right, that right may, nevertheless, be invaded for litigation purposes."); Soto, 162 F.R.D. at 616 ("Resolution of a privacy objection or request for a protective order requires a balancing of the need for the information sought against the privacy right asserted.") "[E]ven where the balance weighs in favor of disclosure of private information, the scope of disclosure will be narrowly circumscribed; such an invasion of the right of privacy must be drawn with narrow specificity

and is permitted only to the extent necessary for a fair resolution of the lawsuit." Cook v. Yellow Freight Sys., Inc., 132 F.R.D. 548, 552 (E.D. Cal. 1990); Estate of Sanchez v. Cty. of Stanislaus, No. 118CV00977DADBAM, 2019 WL 1959579, at *5 (E.D. Cal. May 2, 2019) (same).

The District acknowledges that the California state court case it cites to, El Dorado Sav. & Loan Assn. v. Superior Court, 190 Cal. App. 3d 342, 346 (Ct. App. 1987), has been disapproved of by Williams v. Superior Court, 3 Cal. 5th 531, 398 P.3d 69 (2017). El Dorado applied the standard that in discovery directed at confidential information in personnel files, even when directly relevant to the litigation, such discovery will not be permitted until a balancing of the "compelling need for discovery against the fundamental right of privacy," and determination that disclosure is appropriate. El Dorado, 190 Cal. App. 3d at 346. In Williams, the California Supreme Court held that the compelling need standard is not the starting point for balancing *general* privacy rights against the need for discovery:

> But the flaw in the Court of Appeal's legal analysis, and in the cases it relied upon, is the de facto starting assumption that such an egregious invasion is involved in every request for discovery of private information. Courts must instead place the burden on the party asserting a privacy interest to establish its extent and the seriousness of the prospective invasion, and against that showing must weigh the countervailing interests the opposing party identifies, as Hill requires. What suffices to justify an invasion will, as Marshalls recognizes, vary according to the context. Only obvious invasions of interests fundamental to personal autonomy must be supported by a compelling interest. [citation] To the extent prior cases require a party seeking discovery of private information to always establish a compelling interest or compelling need, without regard to the other considerations articulated in [Hill], they are disapproved.

Williams, 3 Cal. 5th 531, 557, 398 P.3d 69, 87 (2017); see also Hill v. Nat'l Collegiate Athletic Assn., 7 Cal. 4th 1, 34, 865 P.2d 633, 653 (1994) ("Where the case involves an obvious invasion of an interest fundamental to personal autonomy, e.g., freedom from involuntary sterilization or the freedom to pursue consensual familial relationships, a 'compelling interest' must be present to overcome the vital privacy interest [however,] [i]f, in contrast, the privacy interest is less central, or in bona fide dispute, general balancing tests are employed.").

///

///

4

# III.

## DISCUSSION

The discovery dispute involves Defendant District's responses to certain requests for production. The requests can be grouped into two different categories, one relating to requests for documents pertaining to complaints by students against Professor Bautista and Professor Peterson, and one relating to the investigation by the District into the specific incidents alleged by Plaintiff in his complaint. The Court first turns to the requests pertaining to the complaints.

### A. Complaints against Professor Bautista and Professor Peterson (RFP 11 & 15)

Plaintiff's RFP 11 seeks "all DOCUMENTS REGARDING ANY complaints involving Professor Bautista from 2006 to present. (Id.) Plaintiff's RFP 15 seeks "all DOCUMENTS, whether administrative, in state or federal court, informal or internal complaints or charges RELATING OR REFERRING TO Professor Peterson." (Id.) Through meet and confer, Plaintiff now seeks "all complaints, formal or informal, made in writing to an administrator of the District by a student regarding how they were treated by either of these professors." (Br. 1-2.)

#### 1. Defendant District's Position Regarding RFP 11 & 15

The District argues the requests are overbroad in scope and time, and not relevant or proportional to Plaintiff's claims for disability discrimination, retaliation, and invasion of privacy. (Br. 2.) The District emphasizes it is obligated to protect the various privacy rights at issue and cannot produce the documents absent a court order. (Id.) The District notes that complaints against employees are subject to the employee's and the complaining parties' privacy rights, Tumbling v. Merced Irr. Dist., 262 F.R.D. 509, 517 (E.D. Cal. 2009); El Dorado, 190 Cal. App. 3d at 343. (Br. 2.) The District argues both professors have a fundamental right to privacy in the information sought, and Plaintiff has failed to identify any need for information regarding complaints against the professors, especially within such a broad scope and absent a reasonable time restriction. Should the Court order production of prior complaints, the District "suggests that the Court order production only of those complaints of the same type Plaintiff alleges in this action, specifically complaints regarding denial of or failure to accommodate a student,

discrimination or retaliation based on disability, and violation of privacy rights regarding disability or medical condition," a limitation previously proposed and rejected by Plaintiff. (Id.) The District further argues the requests should be limited to formal complaints made through the District's internal complaint procedures, and that the request should be limited to complaints lodged between 2014 and 2016, the two-year period prior to Plaintiff's complaints regarding the professors. (Id.)

### 2. Plaintiff's Position Regarding RFP 11 & 15

Plaintiff is willing to narrow these requests to any student who filed a written informal or formal complaint regarding being retaliated or discriminated against, or who had private information disclosed by either Professors Bautista or Professor Peterson from March 2007 until April 2017.

### 3. The Court's Ruling on RFP 11 & 15

Even under Plaintiff's proposed narrowed version, the Court finds these requests to be overbroad temporally and substantively. The requests seek information not relevant to Plaintiff's claims in this action. See Tumbling, 262 F.R.D. at 517 (granting request for protective order limiting request for the *entire* personnel files to be overbroad, and noting that defendant had acknowledged certain items in the files were relevant and had already produced such items).

Plaintiff's request to compel production of documents responsive to RFP 11 shall be denied. Professor Bautista is no longer a defendant in this action. While documents relating to the District's response and investigation of the precise alleged incident(s) between Professor Bautista and Plaintiff may be relevant to the remaining claims against Defendant District, non-related complaints filed by other students against Professor Bautista are not relevant to the claims in the action against the District or Defendant Peterson. To the extent complaints filed by other students are relevant because they relate to the investigation conducted by the District concerning Plaintiff's allegations against Professor Bautista, they would fall under the requests for production relating to the investigation, which the Court addresses further below. RFP 11 seeking complaints against Professor Bautista is not directed at relevant information and is not proportional to the needs of Plaintiff in addressing the remaining claims against Defendant

District or Defendant Peterson, and thus Plaintiff's request for an order compelling further responses to RFP shall be denied.  See Fed. R. Civ. P. 26(b)(1).

As for RFP 15 pertaining to Professor Peterson, the Court finds the request to be overly broad in that it requests documents for any type of alleged discrimination from any time period. Such an expansive request is not proportional to the needs of Plaintiff in addressing the claims in this action, however information regarding complaints similar to the type of claims asserted by Plaintiff here are relevant, and the Court shall narrow the substantive scope of the request accordingly.  See Fed. R. Civ. P. 26(b)(1); Cook, 132 F.R.D. at 552; Estate of Sanchez, 2019 WL 1959579, at *5.  Plaintiff's proposed narrowing of the time period to a ten-year period is still overbroad, and the Court shall also limit the temporal scope of RFP 15 to the five-year period preceding the incident in question.  See Tumbling, 262 F.R.D. at 515 (limiting temporal scope of request for production).  Plaintiff also argued at the hearing that the time period should continue after the date of the incident to determine how the school has been handling similar incidents since, however, as conceded at the hearing, such future incidents are not directly relevant to the claims in this action, and such proposal is denied.

Lastly, the entering of the protective order in this action also lessens the impact of the invasion of privacy in balancing the need for discovery here.[1]  See, e.g., Soto, 162 F.R.D. at 617 ("In applying the balancing analysis to the personnel files sought by Plaintiff in the case at bar, it is clear that Plaintiff's need for the documents will outweigh any invasion of Defendants' privacy rights, particularly under the limitations of a carefully crafted protective order."); Grinzi v. Barnes, No. C 04-1655 PVT, 2004 WL 2370639, at *1 (N.D. Cal. Oct. 20, 2004) ("The proper mechanism for an employer to use to protect an employee's privacy interest in his personnel file is to obtain, either by stipulation or motion, a properly crafted protective order under Rule 26(c)."); Martinez Patterson v. AT&T Servs. Inc., No. C18-1180 RSM, 2019 WL 5294532, at *3 (W.D. Wash. Oct. 18, 2019) ("To the extent that production of the personnel files of these

---

[1]  Prior to the filing of the joint letter brief and the holding of the informal discovery dispute conference, on February 25, 2020, the parties filed a stipulated protective order.  (ECF No. 42.)  At the conference, the parties confirmed that the protective order was applicable and directed to the documents at issue pertaining to these requests.  Following the conference, on February 27, 2020, the Court approved and entered the stipulated protective order covering this action.  (ECF No. 44.)

employees encroaches on the employees' privacy interests, AT&T has failed to explain why the current Protective Order, Dkt. #19, inadequately protects these privacy interests.").

Based on the balancing of the need for the discovery and the privacy rights at issue, the Court shall order Defendant District to provide further responses to RFP 15, narrowed temporally and substantively as follows: All non-privileged documents relating or referring to formal or informal complaints against Professor Peterson from within the five-year time period preceding September 14, 2016 (the date of the relevant incident involving Professor Peterson), involving allegations of disability discrimination by Professor Peterson against students, or involving allegations of retaliation or invasion of privacy, generally, by Professor Peterson against students.

### B. Investigation Documents (RFP 3, 13, 16, 17, 18, & 19)

Plaintiff's RFP 16, 17, 18, & 19, seek all documents relating or referring to the investigation conducted by the District into the incidents alleged in Plaintiff's lawsuit, and Plaintiff's RFP 3,[2] & 13, request all documents relating to meetings with the two involved professors regarding the investigation. (Br. 3.)

#### 1. Defendant District's Position Regarding RFP 3, 13, 16, 17, 18, & 19

The District argues that the investigation documents related to the alleged incidents are similarly subject to the employee's privacy rights like the requests discussed above, because the investigation involved inquiries into the employees and discussion of handling of the complaints against the professors, including possible disciplinary action. (Br. 3.)

#### 2. Plaintiff's Position Regarding RFP 3, 13, 16, 17, 18, & 19

Here, Plaintiff emphasizes the facts of the complaint's allegations. Plaintiff was qualified to take his tests through the DSPS. On March 22, 2016, Plaintiff alleges Professor Bautista stated in front of the class in a loud voice that it was unfair to other students that Plaintiff could

---

[2] The Court notes that Plaintiff's previously filed motion to compel further responses still pending as of the holding of the informal discovery dispute conference (ECF No. 40), corresponds precisely with the same RFP at issue here, except the motion refers to a RFP 8, instead of 3, while the joint letter brief refers to RFP 3 instead of 8. Given the motion to compel reproduces the request and response verbatim for RFP 8, the Court assumes the dispute in fact involves RFP 8 and not 3. (ECF No. 40-1 at 10.) However, herein the Court will adjudicate the dispute as to RFP 3 as that is what the letter brief refers to and is the document jointly filed by the parties for this informal dispute resolution process. The Court presumes the parties will apply this ruling to the relevant RFP in either regard.

take a test after the rest of the class. (Id.) In Professor Peterson's auto shop class, on September 14, 2016, Plaintiff alleges Defendant Peterson questioned Plaintiff about his disability in front of the class. (Id.) Plaintiff complained to the school administration, and the next day, Defendant Peterson displayed the email complaint on the projector for the class to read. (Id.) On March 20, 2017, Plaintiff filed a formal discrimination complaint, and alleges Defendant District did not complete a formal investigation of the complaint regarding Peterson or Bautista. (Id.)

Plaintiff argues that while there is a constitutionally based right of privacy that can be asserted in response to a discovery request, the right is not a privilege or absolute bar, and is subject to balancing the need against the claimed right, Soto, 162 F.R.D. at 616; Lind v. United States, No. CIV 13-032-TUC-CKJ, 2014 WL 2930486, at *2 (D. Ariz. June 30, 2014); Ragge, 165 F.R.D. at 604. (Br. 3-4.) Plaintiff emphasizes that he was forced out of the college because he was not provided with appropriate testing accommodations; he was humiliated in front of the students by his professors; Defendant District did not respond appropriately to Plaintiff's formal complaint; the college responded with an inadequate informal investigation instead, neither following the law nor its own procedures; and the Plaintiff has no documentation regarding these investigations. (Br. 4.) Plaintiff argues that where a plaintiff has statutory discrimination claims, as well as common law causes of action, they are in a stronger position to obtain information otherwise protected by privacy rights, and the strong public interest in effective enforcement of anti-discrimination statutes often outweighs competing privacy interests, particularly in a federal forum, Univ. of Pennsylvania v. E.E.O.C., 493 U.S. 182 (1990); Olympic Club v. Superior Court, 229 Cal. App. 3d 358, 365, 282 Cal. Rptr. 1 (Ct. App. 1991). (Br. 4.)

Plaintiff finally states that in balancing the need of Plaintiff and the privacy of the individuals involved, the need for information far outweighs the privacy right asserted, particularly since the parties have entered into a protective order to protect the privacy rights of the individuals involved. (Br. 4.)

3.     The Court's Ruling on RFP 3, 13, 16, 17, 18, & 19

In the letter brief, the parties did not set forth the text of RFP 3, 13, 16, 17, 18, or 19. These RFP are described as requesting all documents relating to the investigation conducted by

the District into the incidents alleged in Plaintiff's lawsuit, and all documents relating to meetings with Professors Peterson and Bautista regarding the District's investigation.

It is clear that the documents relating to the investigation of Defendant Peterson are relevant to Plaintiff's claims against both Defendant Peterson and Defendant District. While above the Court found that RFP 11 pertaining to Professor Bautista sought irrelevant documents because Professor Bautista is no longer a defendant in this action, the documents relating to the investigation by Defendant District into Professor Bautista *are* relevant to the remaining claims against Defendant District, and as acknowledged by the District at the informal conference, the investigation between the two professors had overlapping aspects. See Ragge v. MCA/Universal Studios, 165 F.R.D. 601, 604 (C.D. Cal. 1995) ("Even if the requested documents in defendants' personnel files are protected by defendants' privacy right, that right may, nevertheless, be invaded for litigation purposes."); Soto, 162 F.R.D. at 616. The entering of the protective order in this action also lessens the impact of the invasion of privacy in balancing the need for discovery here. See, e.g., Soto, 162 F.R.D. at 617; Grinzi, 2004 WL 2370639, at *1; Martinez, 2019 WL 5294532, at *3.

Accordingly, Defendant District shall produce non-privileged documents responsive to RFP 3, 13, 16, 17, 18, and 19.[3]

## IV.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1.  Plaintiff's request to compel further responses to Request for Production number 11 is DENIED;

2.  Plaintiff's request to compel further responses to Request for Production number 15 is GRANTED subject to the following narrowing of the request: all non-privileged documents relating or referring to formal or informal complaints against Professor Peterson from within the five-year time period preceding

---

[3]  Again, the aspects of each of the individual requests were not raised or discussed by the parties in briefing, but to the extent each requests only encompass documents referring or relating to the investigation conducted by the District, Defendant shall be required to produce such documents to Plaintiff.

September 14, 2016 (the date of the relevant incident involving Professor Peterson), involving allegations of disability discrimination by Professor Peterson against students, or involving allegations of retaliation or invasion of privacy, generally, by Professor Peterson against students;

3.  Defendant District shall serve further responses and provide documents responsive to Request for Production number 15, as narrowed by the Court, within **thirty (30) days** of entry of this order;

4.  Plaintiff's request to compel further responses to Requests for Production numbers 3,[4] 13, 16, 17, 18, and 19, is GRANTED;

5.  Defendant District shall serve further responses and provide documents responsive to Requests for Production numbers 3, 13, 16, 17, 18, and 19, within **thirty (30) days** of entry of this order;

6.  Plaintiff's motion to compel to compel further responses (ECF No. 40) is WITHDRAWN[5]; and

7.  The hearing on Plaintiff's motion to compel further responses set for March 4, 2020, at 10:00 a.m. in Courtroom 9 is VACATED.

IT IS SO ORDERED.

Dated:   **February 28, 2020**

UNITED STATES MAGISTRATE JUDGE

---

[4]  As discussed above, the Court assumes the parties in fact meant to refer to RFP 8 rather than 3.

[5]  Following the discovery conference, on February 27, 2020, Plaintiff filed a notice of withdrawal of Plaintiff's motion to compel further responses.  (ECF No. 46.)